IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT LEANDER CAMIRAND,

        Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, SGT. CASILLAS, and SNAKE RIVER CORRECTIONAL INSTITUTION,

        Defendant.

Case No. 2:18-cv-00615-MO

ORDER TO DISMISS

MOSMAN, District Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that that Defendant Casillas took Plaintiff's gold and diamond teeth grill set, apparently for mailing to his new place of confinement, but that the Snake River Correctional Institution did not include it with his transfer property. Plaintiff is "sure no one got to throw[] it away someone took it home with them." Amended Complaint (#6), p. 4. Plaintiff alleges that this conduct violates the Eighth Amendment.

Plaintiff also states that unidentified individuals erroneously placed him in general population. This appears to relate in some way to the mailing of his teeth grill set, but it is unclear how. He asks for compensation of at least $100,000.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated

2 - ORDER TO DISMISS

plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, Plaintiff purports to bring this suit, in part, against the Oregon Department of Corrections and the Snake River Correctional Institution. "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High*

*School*, 343 F.3d 1036, 1040 (9th Cir. 2003). Plaintiff therefore fails to state a claim against these two Defendants.

Plaintiff's principal claim involves an allegation that Defendant Casillas took his teeth grill set, and either stole it or lost it. Plaintiff states both that the deprivation amounted to negligence, and also that the deprivation was intentional. Where an inmate alleges the deprivation of a property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-131 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). This rule applies to both the Fifth and Fourteenth Amendment Due Process Clauses. *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991). Because Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act, O.R.S. 30.260 *et seq.*, Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff also appears to assert that he was improperly classified for re-entry into the general population at his prison. He does not identify how this classification violates

4 - ORDER TO DISMISS

any federal right, but assuming this is a continuation of Plaintiff's allegations that Defendants violated his Eighth Amendment rights, he fails to state a claim. Even in the context of inmates placed in a *maximum* custody unit without a sufficient basis to do so, the Ninth Circuit concluded that such a "misclassification does not itself inflict pain within the meaning of the Eighth Amendment." *Hoptowit v. Ray*, 682 F.2d 1237, 1256 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's basic allegation that his classification for housing in general population was in error in violation of the Eighth Amendment fails to state a claim. Accordingly, the Court summarily dismisses Plaintiff's Complaint.

Because the issues in this case are largely intertwined with, or duplicative of, issues in Plaintiff's other case, *Camirand v. Oregon the Union, et al.*, 2:18-cv-00787-MO, the Court does not allow leave to amend in this case, but does allow leave to amend in 2:18-cv-00787-MO where Plaintiff's allegations make the nature of his claims clearer. This dismissal does not preclude Plaintiff from continuing to litigate 2:18-cv-00787-MO.

///

///

5 - ORDER TO DISMISS

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Amended Complaint (#6) is DISMISSED for failure to state a claim. For the reasons identified above, the dismissal is without leave to amend, but without prejudice to Plaintiff's ability to continue to litigate his claims in *Camirand v. Oregon the Union,* 2:18-cv-00787-MO.

IT IS SO ORDERED.

DATED this 29th day of May, 2018.

_____
Michael W. Mosman
United States District Judge